UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHI MUSHAPHA CULLEN,

        Plaintiff,                          Hon. Robert J. Jonker

v.                                          Case No. 1:23-cv-1251

JANE JONES, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 35). Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). (*See* ECF No. 40). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted. The undersigned further recommends that Plaintiff's claims against Unknown Party #3 be dismissed without prejudice for failure to timely effect service, and that this case be closed.

## BACKGROUND

Plaintiff initiated this action on November 29, 2023, against Deputy Lucy Jones, Deputy Officer Jeffrey Holmstrom, Sgt. David VanderLaan, Deputy Officer Kendrick Foster, Deputy Officer Terence Durga, Unknown Party #3, and Deputy Officer Patrick Murphy.[1] (ECF No. 1). The events about which he complains

---

[1] In the complaint, Plaintiff used pseudonym first names of "John" and "Jane" for each Defendant.

occurred in June 2023 when Plaintiff was a pretrial detainee at the Muskegon County Jail.

At the time, Plaintiff was housed in "C-Pod" in the jail, which has twelve, individual person cells that open into a day room. Inmates are allowed out into the day room one at a time for one hour each day. But two inmates could agree to share their time, allowing them to be out together for a total of two hours.

On June 3, 2023, inmate Torrance "Daniel" Williams came to Plaintiff's cell door and told Plaintiff that he had a problem with Plaintiff. Plaintiff asked what the problem was, and Williams stated that he had discovered that Plaintiff was trying to steal his company and that Plaintiff "was in cahoot[s] with the Feds and Joe Biden[,] who stole his money out of the Federal Reserve to win [the] presidential election." (ECF No. 8 at PageID.45).

Plaintiff told Williams to "go [on] wit[h] the BS," and proceeded to ignore Williams. (*Id.*) Williams then started yelling and punching Plaintiff's cell window. This attracted the attention of Defendant Foster "in the bubble," who asked on the intercom what was going on. (*Id.*) Plaintiff asked Defendant Foster to remove Williams from the area. Defendants Durga and Murphy arrived to assist, and Defendant Murphy was able to calm Williams down and return him to his cell without incident. During the incident, Defendant Murphy heard Williams accuse Plaintiff of being a "snitch" and prepared a note on the matter in Williams' jail log. (ECF No. 35-6 at PageID.194).

The next day, Defendant Murphy briefed Defendant Jones on the events that occurred during the night shift, including the log entry. At lunchtime, Defendant Holmstrom was working in the control center, and Defendant Jones was handing out lunches in another part of the jail. Plaintiff was let out of his cell for his time in the dayroom. Williams contacted Defendant Holmstrom over the intercom and asked "how come you don't let me out with [Plaintiff]?" (ECF No. 37). Defendant Holmstrom responded that Plaintiff wanted to be out with a different inmate. Plaintiff then gets on the intercom phone in the dayroom and told Deputy Holmstrom, "I wanted to come out with [Williams]." (*Id.*) Deputy Holmstrom replied: "I'll have [Williams] come out." (*Id.*).

Defendant Holmstrom then let Williams out of his cell during Plaintiff's out time in the dayroom. Both Plaintiff and Williams moved towards the center of the dayroom and began to fight. Defendant Jones stopped the fight but not before Plaintiff was knocked unconscious by Williams. Defendant Vanderlaan arrived shortly thereafter and had Plaintiff taken to the hospital by ambulance.

Based on these events, Plaintiff asserts failure to protect claims and state law claims against Defendants Jones, Holmstrom, Vanderlaan, Foster, Durga, Unknown Party #3, and Murphy. Defendants now move for summary judgment. (ECF No. 35). They argue that there is no evidence that any Defendant acted with deliberate indifference. They also contend that they are entitled to qualified immunity. Plaintiff has failed to respond to the motion.

-3-

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-

moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

## ANALYSIS

### I. Federal Claims

Defendants contend that they are entitled to qualified immunity. The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right

of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the court can conclude either that no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236.

The Fourteenth Amendment protects detainees from being "punished prior to an adjudication of guilt[,]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while the Eighth Amendment protects convicted prisoners from "cruel and unusual punishments," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Under the Eighth Amendment, a prisoner must allege facts meeting both an objective element of seriousness and a subjective element of culpability. *See Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (6th Cir. 2022). Under the Fourteenth Amendment, a detainee need only make "an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Id* at 729. In other words, "what violates the Fourteenth

Amendment doesn't necessarily violate the Eighth Amendment." *Davis v. Chorak*, No. 22-1839, 2023 WL 2487339 at *2 (6th Cir. 2023).

To state a failure-to-protect claim under the Fourteenth Amendment, a plaintiff must show that "(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, although a reasonable officer in his position would have appreciated the high degree of risk involved—making the consequences of his conduct obvious; and (4) the defendant caused the plaintiff's injuries by not taking such measures." *McGowan v. Herbert*, No. 22-2033, 2023 WL 2945341 at *2 (6th Cir. Apr. 14, 2023) (cleaned up).

In this case, Plaintiff has failed to present evidence to show that any Defendant was deliberately indifferent to Plaintiff's safety. Defendants Foster, Durga, and Murphy did not work the day of the fight. Their involvement was limited to the day before, and Defendant Murphy documented the incident between Plaintiff and Williams in the logbook. Defendants Jones and VanderLaan worked the day of the fight but had only minor involvement. Defendant Jones was in another part of the jail when the fight began and quickly responded to stop it. Defendant VanderLaan also quickly responded to the fight and arranged for medical care.

Defendant Holmstrom made the decision to let Williams out his cell. But there is no evidence that Defendant Holmstrom knew about the incident from the day

before.  More importantly, Plaintiff asked Defendant Holmstrom to let Williams out with him in the dayroom.  Williams and Plaintiff had been out in the day room many times before without any issue.  (ECF No. 35-4 at PageID.180).  Even Plaintiff testified that he was surprised when Williams attacked him.  (*Id.*)  An objective officer in Defendant Holmstrom's position would not have perceived Plaintiff at any risk of harm.

Plaintiff has presented no evidence to the contrary.  Defendants have demonstrated, therefore, the absence of factual dispute on the question of whether their conduct violated the Fourteenth Amendment.  Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be granted.

**II.     State Law Claims**

Plaintiff also asserts claims under state law.  Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."  *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  As discussed above, the undersigned recommends that Plaintiff's federal law claims be dismissed.  Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over the state law claims and instead dismiss such claims without prejudice so that Plaintiff may pursue them in the appropriate state forum.

### III.  Unknown Party #3

Plaintiff has not served Unknown Party #3. Rule 4(c) of the Federal Rules of Civil Procedure provides that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is set forth in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

On January 26, 2024, the Court ordered that Plaintiff's complaint be served. (ECF No. 15). Plaintiff has neither requested an extension of time to effect service on Unknown Party #3 nor requested the Court's assistance in identifying this individual. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Unknown Party #3 be dismissed without prejudice for failure to timely effect service.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 35) be granted. The undersigned further recommends that Plaintiff's claims against Unknown Party #3 be dismissed without prejudice for failure to timely effect service, and that this case

-9-

be closed. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

Date: June 26, 2025                                           /s/ Phillip J. Green
                                                            PHILLIP J. GREEN
                                                            United States Magistrate Judge